**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| Tony Abbott, | ) | |
| | ) | |
| | ) | Civil Action No.: 9:19-cv-00277-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Andrew M. Saul, Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 30, 2020. (ECF No. 19.) The Report addresses Plaintiff Tony Abbott's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 28.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-12.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (ECF No. 10-2 at 35.) Although the ALJ found Plaintiff had the severe impairments of status post right knee arthroscopy, lumbar degenerative disc disease, carpal tunnel syndrome, obesity, affective disorders, and anxiety (*Id.* at 18), the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform medium work with

additional restrictions (*Id.* at 21-22). In doing so, the ALJ assigned little weight to treating physician Dr. Mario Galvarino (*Id.* at 29-30), treating therapist Mr. John R. Dodenhoff (*Id.* at 30-31), and Dr. C. David Tollison (*Id.* at 31).

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on January 31, 2019. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report finding the ALJ's decision was supported by substantial evidence and suggesting this case be affirmed. (ECF No. 19 at 28.) Specifically, the Magistrate Judge found the ALJ properly weighed and explained why the opinions of Dr. Galvarino, Mr. Dodenhoff, and Dr. Tollison were discounted. (*Id.* at 27-28.) The Magistrate Judge observed the ALJ properly discounted Dr. Galvarino's opinions due to inconsistencies with treatment notes, inadequacies with certain opinions and forms, contradictions with Plaintiff's activity levels, and conflicts with other medical evidence in the record. (*Id.* at 16.) The Magistrate Judge explained the ALJ properly discounted Mr. Doderhoff's opinions based on a lack of supporting evidence in the record, as well as the fact Mr. Doderhoff was not a proper medical source. (*Id.* at 24-25.) Lastly, the Magistrate Judge noted Dr. Tollison was properly discounted because of contradictions with other medical evidence in the record. (*Id.* at 26-27.)

On April 30, 2020, the parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 30.) Plaintiff thereafter offered timely objections to the Report, arguing the

ALJ improperly assessed opinion evidence regarding Dr. Galvarino, Mr. Dodenhoff, and Dr. Tollison. (ECF No. 20.) In response to Plaintiff's objections, the Commissioner asks the court to adopt the Report because the ALJ's decisions were supported by substantial evidence, and Plaintiff's objections simply rehash prior arguments considered by the Magistrate Judge. (ECF No. 21.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final

3

decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

## III. DISCUSSION

Plaintiff essentially contends the Magistrate Judge should not have recommended affirming the ALJ's decision to assign little weight to Dr. Galvarino, Mr. Dodenhoff, and Dr. Tollison, respectively. (ECF No. 20 at 1-8.) The Commissioner responds that Plaintiff's objections amount to rehashed arguments already considered and addressed by the Magistrate Judge. (ECF No. 21 at 1-4.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is unnecessary

for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Christy S. o/b/o A.S. v. Saul*, No. 7:18-CV-00191, 2019 WL 4306978, at *1 (W.D. Va. Sept. 11, 2019) (restating arguments "does not constitute an objection for the purposes of district court review") (citation and internal marks omitted).

Here, the court has reviewed the whole record, including Plaintiff's brief (ECF No. 14), Plaintiff's objections (ECF No. 20), and the Report (ECF No. 19). After examining all of the pleadings, the court concludes that Plaintiff's objections restate arguments that are adequately addressed by the Report. (*See* ECF No. 19 at 12-28.) Moreover, Plaintiff's objections substantively mirror the arguments raised in his prior briefing, including contentions with the ALJ's decision to discount the opinions of Dr. Galvarino (*compare* ECF No. 14 at 30-33 *with* ECF No. 20 at 1-5), Mr. Dodenhoff (*compare* ECF No. 14 at 33-34 *with* ECF No. 20 at 6), and Dr. Tollison (*compare* ECF No. 14 at 38-39 *with* ECF No. 20 at 6-7). A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). The court declines to hear Plaintiff's reused arguments. *Orpiano*, 687 F.2d at 47. The court finds the Report adequately addresses Plaintiff's objections, is well-reasoned, and properly analyzes the rehashed issues from Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein. Plaintiff's objections are overruled.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 19) and incorporates it herein. Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 3, 2020
Columbia, South Carolina